FITCHBURG RAILROAD COMPANY *vs.* WATSON FREEMAN.

When trial by jury is waived under *St.* 1857, *c.* 267, the presiding judge's findings of fact have the same effect as a verdict, and are not open to exception.

In an action against an officer for storage of articles attached by him in another action, and left by him on the premises of this plaintiff in this, his return on the writ, in which he adds to his fees a claim of this plaintiff for the storage, is admissible for the purpose of showing that he was aware of the claim and admitted it, but not evidence of the amount due therefor.

In an action by a railroad corporation against an officer for storage of freight cars attached by him and left for some days on their premises, freight agents of other railroads are competent witnesses to the proper charge for such storage, although they have never known a case of storing cars except when the freight in a car has been attached.

In an action against an officer for the storage of chattels attached by him and left on the premises of this plaintiff, the evidence of other officers is inadmissible to show that in similar cases no charge for storage had ever been made to them.

An officer who attaches chattels in the possession of a person other than the owner, and appoints a keeper of them, is liable for storage if he continues to keep them on the premises of the original bailee, although no agreement to that effect has been made, and he has had no notice to remove them.

ACTION OF CONTRACT against the marshal of the United States for this district to recover $638 for the storage of six freight cars. In the superior court of Suffolk at November term 1857, the parties waived a jury trial, under the *St.* of 1857, *c.* 267, and the case was tried before *Huntington,* J., who gave judgment for the plaintiffs, and to whose rulings the defendant alleged the following exceptions:

It appeared that the cars belonged to the Vermont and Massachusetts Railroad Company, and were attached by the defendant and held by him at the time stated in the declaration, on a writ issued from the circuit court of the United States in favor of Selden F. White in an action still pending in the supreme court of the United States upon a writ of error.

The plaintiffs offered in evidence the defendant's return on that writ, in which was added to his charges for fees this charge: " Fitchburg R. R. Co. bill storage $638.00."

The defendant objected to the admission of the return, and especially of this charge, for any purpose; on the ground that it was a mere memorandum of a claim made by the plaintiffs upon the marshal, and not a concession of any fact in reference to the alleged contract of storage. The judge admitted the evidence, as competent on the question of liability- and of an implied contract, but not on the question of value or amount.

There was no evidence of any express contract between the plaintiffs and defendant to store the cars; but it appeared that when they were attached they were in the plaintiffs' depot at Charlestown, having been drawn thither by them in the ordinary course of the business with the Vermont and Massachusetts Railroad Company, and the master of transportation at that depot was appointed keeper by this defendant, and was paid as such; and the judge deducted in the judgment the amount paid him from the amount allowed to the plaintiff.

It appeared that by an arrangement between these railroad companies the Fitchburg Railroad Company received a certain rate upon the freight drawn by them for the Vermont and Massachusetts Railroad Company to and from Fitchburg, which **was in full for the use of the road, for all services in drawing**

the cars up and down, and for depot accommodation; and that no extra charges were made to the Vermont and Massachusetts Railroad Company in case of detention of cars by snow storms or other casualties; though extra charges, at the rate of two dollars a day for each car, were made to consignees of freight, who did not unload their freight within a certain time after its arrival was notified to them.

It also appeared that within the plaintiffs' ground at Charlestown was a building large enough to hold twelve or fourteen cars, such as those attached by the defendant, in which the cars of the Vermont and Massachusetts Railroad Company were usually placed, and having in it a turntable and tracks, which were necessarily used in making up trains for that railroad.

The plaintiffs called freight agents at the several railroads in Boston, who had had charge of the freight business on their respective roads for various terms, varying from three to seven years, to testify to the value or rate proper to be charged for the storage of cars. None of them had ever known of an attachment of the empty cars of upper road, or of any case of storing cars at their respective depots. But they had known of charges at the rate of two dollars a day for one car, to persons who caused freight in cars to be attached and detained at their depots, and also to the consignees of freight who did not remove it from the cars within a limited time after its arrival. They testified that two dollars a day for each car (the amount demanded) was a low charge, and was not full compensation for the trouble and inconvenience. The defendant objected that these witnesses were not competent to testify on the question of compensation for storing cars. But the judge ruled that their testimony should be received.

It appeared by the testimony of the defendant and his deputy who made the attachment, that nothing was done or said by them to any person at the railroad depot on the subject of storage, or any rate of payment on account of storage. No notice was given to the defendant or his deputy, while the cars remained in the depot, of any claim for storage on account of

their remaining there, and neither of them was ever requested to remove them. After the plaintiffs made the present claim, the defendant said to their agent that he would pay it if White's attorneys would allow it; but otherwise not.

The defendant also called as witnesses four of the deputy sheriffs for this county; and offered to show by them that they severally had attached the cars of railroad companies at the depots of the several railroads in Boston, and held them for several days at such depots in the charge of a keeper; and that no charge or claim for storage had ever been made to them on that account. But the judge refused to admit such evidence.

Upon the whole case the defendant contended that no implied contract by him to pay for the storage of the cars could be inferred; and asked the judge to make the following rulings:

" That, it appearing in evidence that as a part of the contract between the two railroad companies, under which the cars came to be there at the time of the attachment, the Fitchburg Railroad Company received a certain rate upon the freight brought in them, in return for the services rendered not only in drawing it down from Fitchburg, but for all other services, including depot accommodation; in the absence of any actual contract made by the attaching officer, the inference of law is that they remained there on account of the Vermont and Massachusetts Railroad Company, and the defendant cannot be charged for the storage of them, at least until some notice to him to remove them, or that they are stored on his account, has been shown.

" That it appearing in this case that the Vermont and Massachusetts Railroad Company have specially assigned to them a certain house, which was large enough to hold all these cars, the plaintiffs cannot recover for any storage, on the ground that they had not room for other cars also, or met with some inconvenience resulting to themselves from their own act in bringing other cars of the Vermont and Massachusetts Railroad Company upon the premises, without notice to the defendant of the circumstances, or some request to the defendant to remove those cars which he had attached."

The judge declined to be governed by these propositions, so far as related to notice; and upon the ground that the evidence was sufficient to prove an implied contract, and did establish it, gave judgment for the plaintiffs. The evidence as to the rate charged, and what the storage was worth, was not, in the opinion of the court, controlled by the defendant.

*H. G. Parker*, for the defendant.

*A. S. Wheeler*, for the plaintiffs.

DEWEY, J. This action was tried by the court, the parties waiving a trial by jury under the provisions of *St.* 1857, *c.* 267. In such case the facts found by the presiding judge are to have the same effect as if found by a jury, and no exceptions can be taken except on questions of law. The defendant relies upon various exceptions of this character.

1. He contends that his return on the writ on which the cars were attached was incompetent evidence in the present case. For the purposes for which it was admitted, and as showing that the defendant had attached them, and that they were left on the plaintiffs' premises with his knowledge, the evidence was properly admitted.

2. The freight agents were competent witnesses to testify as to the value of such storage of cars. They might not be experts in the technical use of that term, but were, like many other witnesses, competent to testify to the value of storage. *Vandine* v. *Burpee*, 13 Met. 288.

3. The proposed testimony of the deputy sheriffs, as to attachments made by them on other occasions at the depots of the several railroads of the city, and that no charges for storage had been made, was properly rejected as irrelevant and incompetent.

4. Upon the general question of the liability of the defendant, we are of opinion that an officer by virtue of his attachment of articles of personal property, unless he avails himself of the provisions of Rev. Sts. *c.* 90, § 33, as to the attachment of articles which by reason of their bulk or other cause cannot be immediately removed, is bound, while the attachment is in full effect, to keep the articles attached in his custody and under his supervision. He may require of the plaintiff in the action

security for remuneration for all costs and charges incurred by him in the keeping of the same; but he must keep them, or abandon the attachment. If he abandons it, of course no liability would attach for their future storage. But in the present case no such fact exists; on the contrary, the officer continued his actual custody and possession of the cars by appointing an agent to act for him, in reference to that object, as keeper. The case is therefore to be considered the same as if the defendant had personally had the care and oversight of the cars, using the premises of the plaintiff as their place of storage. Having thus used the premises of the plaintiffs, the law implies a promise to pay them therefor what the same was reasonably worth.

It was contended on the part of the defendant that no liability could attach to the defendant until the plaintiffs had given him previous notice of their purpose to charge him with such liability in case he did not remove the articles. But in the opinion of the court this was not a case requiring such notice. The defendant well knew that he had the custody of the articles, and that whoever was furnishing storage for them furnished it for his benefit. It was rather the duty of the defendant to apply to the plaintiffs to keep the same gratuitously, or to do some act indicating his purpose not to pay for the storage of the cars while under his custody, rather than that of the plaintiffs to give notice that they did not intend to perform gratuitous services for the benefit of the attaching officer, or of the party in whose service he was employed. The superior court therefore properly declined to adopt the propositions of the defendant's counsel, so far as they related to the necessity of the plaintiffs giving notice to the defendant that he would be held liable for the storage of the cars unless he removed them, before he could be charged therefor.

*Exceptions : verruled.*